UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC, et al., | Case No. 2:17-CV-2164 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| AMERICAN WEST VILLAGE II OWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Saticoy Bay LLC Series 8829 Cornwall Glen's ("Saticoy") "emergency motion for preliminary injunction." (ECF No. 10).

I. **Background**

On August 25, 2004, Doreen Stewart purchased property commonly known as 8829 Cornwall Glen Ave. ("the property"). (ECF No. 1). The property was encumbered by a deed of trust. Countrywide Home Loans was the trustee, and Mortgage Electronic Registration Systems ("MERS") was the beneficiary. (*Id.*). The property is subject to Covenants, Conditions, and Restrictions in favor of American West Village II Owners Association ("the HOA"). (*Id.*).

Plaintiffs allege that "[i]n September 2004, Federal National Mortgage Association ("Fannie Mae") acquired ownership of the Note and Deed of Trust." (*Id.*). On January 8, 2016, MERS assigned its beneficial interest in the deed of trust to Ditech Financial LLC ("Ditech"). (*Id.*). Plaintiffs allege that Ditech was the servicer of the loan for Fannie Mae at the time. (*Id.*).

On February 16, 2016, Nevada Association Services, Inc. ("NAS") recorded a notice of delinquent assessment lien against the property on behalf of the HOA. (ECF No. 1-2). On April

6, 2016, NAS recorded a notice of default and election to sell on behalf of the HOA. (*Id.*) On April 12, 2017, NAS recorded a notice of foreclosure sale on behalf of the HOA. (*Id.*)

On May 9, 2017, the HOA conducted a non-judicial foreclosure sale, at which Saticoy was the successful bidder. (ECF No. 1). On May 18, 2017, a certificate of foreclosure sale subject to redemption was recorded, listing Saticoy as the purchaser at the HOA foreclosure sale. (ECF No. 1-3). On July 11, 2017, NAS issued a foreclosure deed in favor of Saticoy. (*Id.*). Saticoy alleges in its motion for injunctive relief that the deed was recorded on July 17, 2017.[1]

Saticoy seeks to enjoin plaintiffs Ditech and Fannie Mae from proceeding with a foreclosure sale of the property. Plaintiffs' foreclosure sale is currently set for August 24, 2017.

## II.    Legal Standard

"An injunction is a matter of equitable discretion . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.* at 22. Courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S.Ct. 365,374 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element. However, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [movant] can support issuance of a preliminary injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 129 S.Ct. at 392).

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). Thus, a court may issue a temporary

---

[1] The foreclosure deed attached to plaintiffs' complaint lists a record date of July 12, 2017.

restraining order only when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65(b). Further, the movant's attorney must certify in writing efforts made to give notice and reasons why it should not be required. *Id.*

**III.    Discussion**

Here, Saticoy's motion is titled a motion for a preliminary injunction. However, the requested relief is an ex parte order enjoining plaintiffs from conducting a foreclosure sale. Thus, the court considers Saticoy's motion to be a motion for a temporary restraining order under F.R.C.P. 65(b). See LR 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be file and a separate event must be selected for that document.").

Saticoy's motion satisfies the elements for granting a temporary restraining order. If the motion is not granted, Saticoy will be subjected to immediate and irreparable harm that far outweighs any potential harm suffered by plaintiffs. Saticoy's motion also demonstrates a reasonable likelihood of success on the merits and that the public interest favors the granting of a temporary restraining order. Further, Saticoy's affidavit satisfies F.R.C.P. 65(b)(1)(B), as it states efforts to give notice to plaintiffs and the reasons why notice should not be required on these facts.

Saticoy will suffer irreparable harm if the court does not grant its motion for a temporary restraining order before plaintiffs' opposition to injunctive relief can be heard. If the court does not grant the motion before August 24, 2017, plaintiffs will presumably proceed with the foreclosure sale. Any purchaser at plaintiffs' sale will attempt to assert title free-and-clear of Saticoy's interest in the property. A temporary restraining order would prevent irreparable harm by preserving the status quo until the court can receive plaintiffs' arguments regarding a preliminary injunction. *See Estes*, 2012 WL 5839490, at *2.

Saticoy will suffer more harm from denial of a temporary restraining order than the plaintiffs would suffer from a temporary restraining order. If the temporary restraining order is denied, then Saticoy will have a cloud on its title and will be subject to additional litigation related to the property with the introduction of another interested party. If the temporary restraining order is granted, plaintiffs must delay their foreclosure proceedings temporarily. Saticoy demonstrates

1  potential harm that significantly outweighs plaintiffs' potential harm, which supports a temporary

2  restraining order. *See Cottrell*, 632 F.3d at 331.

3  Saticoy's motion raises substantial questions as to the merits of plaintiffs' claim for quiet

4  title. Plaintiffs' complaint states that Fannie Mae held an interest in the property at the time of the

5  foreclosure sale, which 12 U.S.C. § 4617(j) holds cannot be extinguished absent Federal Housing

6  Finance Agency consent. (ECF No. 1). However, as Saticoy points out, plaintiffs' exhibits

7  attached to its complaint evince an ownership interest by Ditech, and not Fannie Mae, at the time

8  of the foreclosure sale. (ECF No. 10). Although not dispositive of Fannie Mae's lack of ownership

9  interest, as Fannie Mae alleges that Ditech was the servicer of a Fannie Mae loan, (ECF No. 1),

10  the lack of documentation showing Fannie Mae's ownership interest in the property at the time of

11  the HOA foreclosure precludes a finding that Fannie Mae definitively holds a claim of title superior

12  to Saticoy's interest in the property. Thus, the court considers Saticoy's allegations in its motion

13  for a temporary restraining order to determine if Saticoy possesses a likelihood of success on the

14  merits of plaintiffs' claim.

15  Saticoy's allegations in its motion demonstrate a possibility of success on the merits. (ECF

16  No. 10). Saticoy's motion states that a prior foreclosure sale conducted by the HOA vested title

17  in defendant Saticoy free and clear of the first deed of trust that previously encumbered the

18  property. (*Id.*). Saticoy asserts that Fannie Mae held no interest in the property at the time of

19  foreclosure. (*Id.*). If Saticoy's allegation is correct, then it is highly likely that Saticoy will prevail

20  on plaintiffs' claim for quiet title under the rule in *SFR Investments Pool 1, LLC v. U.S. Bank*, 334

21  P.3d 408 (Nev. 2014). Thus, Saticoy demonstrates serious questions going to the merits of

22  plaintiffs' claims, which in this case supports a temporary restraining order. *See Cottrell*, 632 F.3d

23  at 331.

24  The public interest favors granting a temporary restraining order. If plaintiffs proceed with

25  foreclosure and sell to a third-party, who may not be aware of the current dispute over title, the

26  litigation surrounding the property becomes more involved and complex. A temporary restraining

27  order would prevent an innocent third party from buying itself into a complex dispute over title,

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

and thereby making the case more complicated.  The public interest thus favors the granting of a temporary restraining order.  *See Winter*, 555 U.S. at 20.

**IV.    Conclusion**

Saticoy's motion establishes the four elements necessary to obtain a temporary restraining order.  Further, Saticoy has complied with the procedural requirements of F.R.C.P. 65(b).  As previously noted, the court construes the defendant's motion as requesting a temporary restraining order, and not a preliminary injunction.  Therefore, the court will not set a preliminary injunction hearing date or briefing schedule at this time.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for a temporary restraining order (ECF No. 10) be, and the same hereby is, GRANTED consistent with the following.

IT IS FURTHER ORDERED that defendant shall deposit $500.00 with the clerk of the court, as security for this temporary restraining order, on or before August 23, 2017.

IT IS FURTHER ORDERED that this temporary restraining order shall expire fourteen (14) days after entry.

SIGNED AND ENTERED: This 22nd day of August, 2017, at 12:15 P.M.

_____
UNITED STATES DISTRICT JUDGE