UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>AMERICAN WEST VILLAGE II OWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-2164 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiffs Ditech Financial LLC ("Ditech") and Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 33). Defendant Saticoy Bay LLC Series 8829 Cornwall Glen ("Saticoy Bay") filed a response (ECF No. 40), and plaintiffs filed a reply (ECF No. 57).

Also before the court is Saticoy Bay's motion to dismiss. (ECF No. 19). Plaintiffs filed a response (ECF No. 28), to which Saticoy Bay replied (ECF No. 31).

Also before the court is plaintiffs' stipulation for extension of time to file a response to Saticoy Bay's motion to dismiss. (ECF No. 25).

**I.     Introduction**

This action involves the parties' interests in real property located at 8829 Cornwall Glen Ave., Las Vegas, Nevada, 89129 ("the property"). (ECF No. 1).

*a.     Plaintiffs' interest in the property*

On August 25, 2004, Doreen Stewart purchased the property. (ECF No. 1). The property was encumbered by a deed of trust. *Id.* Countrywide Home Loans was the trustee, and Mortgage Electronic Registration Systems ("MERS") was the beneficiary. *Id.* The property is

**James C. Mahan**
**U.S. District Judge**

subject to Covenants, Conditions, and Restrictions in favor of American West Village II Owners Association ("the HOA"). *Id.*

Plaintiffs allege that "[i]n September 2004, Federal National Mortgage Association ("Fannie Mae") acquired ownership of the Note and Deed of Trust." *Id.* On January 8, 2016, MERS assigned its beneficial interest in the deed of trust to Ditech. *Id.* Plaintiffs allege that Ditech was the servicer of the loan for Fannie Mae at the time. *Id.*

### b. *Saticoy Bay's interest in the property*

On February 16, 2016, Nevada Association Services, Inc. ("NAS") recorded a notice of delinquent assessment lien against the property on behalf of the HOA. (ECF No. 1-2). On April 6, 2016, NAS recorded a notice of default and election to sell on behalf of the HOA. *Id.* On April 12, 2017, NAS recorded a notice of foreclosure sale on behalf of the HOA. *Id.*

On May 9, 2017, the HOA conducted a non-judicial foreclosure sale, at which Saticoy Baywas the successful bidder. (ECF No. 1). On May 18, 2017, a certificate of foreclosure sale subject to redemption was recorded, listing Saticoy Bay as the purchaser at the HOA foreclosure sale. (ECF No. 1-3). On July 11, 2017, NAS issued a foreclosure deed in favor of Saticoy Bay. *Id.*

### c. *Plaintiffs' complaint*

Plaintiffs challenge defendant's conduct surrounding the May 9, 2017, HOA foreclosure sale and seek to preserve their pre-sale interest in the property. *Id.* Plaintiffs allege the following causes of action: (1) declaratory relief and quiet title under 12 U.S.C. § 4617(j)(3) against all defendants; (2) declaratory relief and quiet title by Ditech against all defendants; and (3) statutory breach by Ditech against all defendants. (ECF No. 1).

## II. Legal Standard

### a. *Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment

is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

/ / /

### b. Motion to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

James C. Mahan
U.S. District Judge

- 4 -

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. *Quiet title and declaratory relief claims*

Plaintiffs' motion argues that summary judgment in their favor is proper as to their claims for declaratory relief and quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 33).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

/ / /

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired interest in the property on September 1, 2004. Pursuant to § 4617(b)(2)(A)(i), FHFA, upon its appointment as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA obtained its interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on May 9, 2017.

FHFA did not consent to the extinguishment of plaintiffs' property interest through the HOA foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust when, as here, FHFA did not affirmatively consent to foreclosure.

Ditech, as a servicer of a Fannie Mae loan, is entitled to argue that 12 U.S.C. § 4617(j)(3) preempts a HOA foreclosure sale from extinguishing a deed of trust owned by Fannie Mae. The Ninth Circuit recently addressed this question in *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017). The court held that a loan servicer of Fannie Mae "acts as [its] agent, and has standing to assert a claim of federal preemption." *Id.* at 659; *see also Nationstar Mortgage, LLC v. SFR Invs. Pool 1, LLC*, no. 69400, 133 Nev. Adv. Op. 34, 2017 WL 2709806 (Nev. June 22, 2017). Therefore, Ditech in this case can assert that 12 U.S.C. § 4617(j)(3) prohibits a HOA foreclosure sale from extinguishing its interest in a deed of trust held in favor of Fannie Mae. *See Flagstar*, 699 Fed. Appx. at 659.

Saticoy Bay states that "[n]o admissible evidence proves that Fannie Mae held an interest in the Property on the date of the foreclosure sale." (ECF No. 40). The *Berezovsky* decision is again instructive. In *Berezovsky*, the court held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these noticed records and based on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Here, plaintiffs attached to their motion Fannie Mae's business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 93 at 8) (request for judicial notice); (ECF No. 33-2) (business records and supporting declaration). Under *Berezovsky*, the court may consider these records as evidence when considering motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, defendant here provides no evidence to contradict plaintiffs' offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property.").

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Fannie Mae's (and, by extension, Ditech's) interest in the property survived the alleged foreclosure. Plaintiffs are entitled to summary judgment on their quiet title and declaratory relief claims.

As the court holds summary judgment in favor of plaintiffs as to their claims for quiet title and declaratory relief is appropriate, the court will deny defendant's motion to dismiss these claims.

        *b.*    *Statutory breach*

Given the court's holding on plaintiffs' quiet title causes of action, the court need not address plaintiffs' claim for statutory breach.

/ / /

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for summary judgment (ECF No. 33) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Saticoy Bay's motion to dismiss (ECF No. 19) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' stipulation for extension of time (ECF No. 25), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare and submit to the court a proposed judgment consistent with this order within thirty (30) days of the date of this order.

DATED THIS 27th day of April, 2018.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE